IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BOWLING, #20027219, PLAINTIFF, | § § § § | |
| V. | § § | CIVIL CASE NO. 3:20-CV-3518-D-BK |
| DALLAS COUNTY JAIL, DEFENDANT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** as moot.

On December 1, 2020, Plaintiff Christopher Bowling, a federal pretrial detainee at the Dallas County Jail, filed a *pro se* letter-complaint requesting that the U.S. Marshal transfer him to a facility that would provide him with necessary mental health care, such as the Seagoville Federal Detention Center or the Limestone Detention Center. Doc. 3. It has come to the Court's attention that Bowling was recently transferred to the Limestone Detention Center. *See also* Doc. 5 (returning as undeliverable the Court's deficiency order because Bowling was no longer confined at the Dallas County Jail). As such, his sole ground for relief is now moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding prisoner's transfer rendered moot claim for declaratory and injunctive relief). Moreover, just as in *Holiday*, "any suggestion of relief based on the possibility of transfer back to" the Dallas County Jail "is too speculative to

warrant relief." *Id*. Consequently, this case should be **DISMISSED WITHOUT PREJUDICE** as moot.

    **SO RECOMMENDED** on January 4, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).